**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WEBSTER BANK, NATIONAL ASSOCIATION, | ) ) ) | Case Number: 08 C 2494 |
| Plaintiff | ) ) | |
| v. | ) ) | Hon. Virgina M. Kendall |
| CORY CYBUL, | ) ) | |
| Defendant. | ) | |

**PLAINTIFF WEBSTER BANK'S MOTION**
**FOR SUMMARY JUDGMENT ON COUNT ONE**

Plaintiff Webster Bank, National Association ("Webster"), by and through its attorneys, respectfully moves for summary judgment against defendant Cory Cybul ("Cybul") on Count One of the Complaint and further requests the entry of a final judgment as to Count One.  In support of this motion, Webster submits the accompanying: (1) Local Rule 56.1 Statement of Material Facts as to Which There Is No Genuine Issue; and (2) supporting Affidavits.  Webster also states as follows:

1.      Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Cintas Corp. v. Perry*, 517 F.3d 459, 465 (7th Cir., 2008)**,** citing Fed. R. Civ. P. 56(c), and *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, (1986).

2.      To recover for the breach of a contract under Illinois law, a party must establish the following elements: "(1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." *Zirp-Burnham, LLC v. E. Terrell Assocs.*, 356 Ill. App. 3d 590, 600 (Ill. App. Ct. 1st Dist. 2005).

1

3.      In the instant case, the parties' pleadings establish that there is no genuine issue as to the first three elements required to establish a breach of contract.  Webster has alleged and Cybul has admitted (1) the existence of a valid and enforceable contract between Webster and Cybul, Webster's 56.1 Statement, ¶¶ 5-6); (2) performance by Webster, Webster's 56.1 Statement, ¶ 8; 3) and breach of the contract by Cybul, Webster's 56.1 Statement, ¶¶ 12-13; and (4) injury to Webster.  Webster's 56.1 Statement ¶ 14-18.   In fact, Cybul's Answer admits each and every allegation contained in Count One of Webster's Complaint.  Answer ¶¶ 19-28.

4.      As Count One is simply about Cybul's admitted failure to repay an admitted loan under an admitted Note, and the terms of the Note establish the amount of principal and interest owed and the obligation to pay Webster's costs and expenses, there can be no dispute concerning the amount Cybul owes.   As a result of Cybul's breach of contract, Webster has suffered damages of $935,400.12, plus interest, fees and costs through the date of judgment. Webster's 56.1 Statement, ¶ 18.

5.      The undisputed material facts demonstrate that Webster is entitled to summary judgment on Count One, as a matter of law, and in the amount of $935,400.12, plus interest, fees and costs through the date of judgment.  Webster's 56.1 Statement, ¶ 19.

6.      Fed. R. Civ. Pro. 54(b) provides:

When an action presents more than one claim for relief — whether as a claim, counterclaim, crossclaim, or third-party claim — or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

7.     There are three prerequisites to the entry of a final judgment under Rule 54(b): (1) the action must involve separate claims; (2) there must be a final decision as to least one, but not all of the claims and (3) there must be an express and proper determination that there is no just reason for delay. *Martin v. Consultants & Admins., Inc.,* 966 F.2d 1078, 1083 (7th Cir,. 1992)

8.     The three prerequisites to the entry of final judgment are present. First, Count One and Two involve separate claims. The requirement of separate claims is invoked out of a desire to prevent an appellate court from going over the same ground once the remaining claims are resolved. *Olympia Hotels Corp. v. Johnson Wax Dev. Corp.*, 908 F.2d 1363, 1366 (7th Cir. 1990). An entry of final judgment on Count One would not create the risk of piecemeal appeals or force an appellate court to go over the same ground repeatedly, because while Count One and Count Two share some facts, such as the terms of the note and the default, those facts are undisputed. Webster's 56.1 Statement ¶5-13. Second, an entry of summary judgment as to Count One would fully resolved that claim as to all parties at that time. Third, there is no just reason for delay. Unless final judgment is entered, Webster will be prejudiced by an "uncompensated credit risk" and the "opportunity costs of its funds. See *Cantrade Private Bank Lausanne Ltd. v. Maria Torresy* 1995 U.S. Dist. Lexis 8090, Case No. 93 Civ. 3526 (PKL) (S.D.N.Y. June 13, 1995).

**WHEREFORE**, Plaintiff Webster Bank, National Association respectfully requests that this Court enter an Order:

1.  granting summary judgment in favor of the Plaintiff and against Defendant on the Count One of the Plaintiff's Complaint pursuant to Rule 56 of the Federal Rules of Civil Procedure, and ordering Cybul to pay Webster $935,400.12, plus interest, fees and costs through the date of judgment;

2.  finding that there is no just reason to delay the entry of final judgment as to Count One of Plaintiff's Complaint; and

3.  granting final judgment in favor of the Plaintiff and against the Defendant on Count One of the Plaintiff's Complaint pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, allowing Plaintiff to immediately enforce the judgment against Cybul.

Dated: August 8, 2008

Respectfully submitted,

Daniel Lynch (Ill. Bar No. 6202499)          Webster Bank, National Association,
Amy J. Hansen (Ill. Bar No. 6292957)
Lynch & Stern LLP
150 S. Wacker Dr., Suite 2600                  s/ *Amy J. Hansen* (filed electronically)
Chicago, IL  60606                            By: One of Its Attorneys
(312) 442-9480 / (312) 896-5883 (fax)